NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 20 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DOUGLAS JAMES, AKA Monsho Abdullah, Plaintiff-Appellant, v. JIMMY CRUZEN, Correctional Officer; et al., Defendants-Appellees. | No. 17-16008 D.C. No. 5:15-cv-02122-LHK MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Submitted December 18, 2017**

Before: WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

California state prisoner Douglas James, AKA Monsho Abdullah, appeals

pro se from the district court's summary judgment for failure to exhaust

administrative remedies in his 42 U.S.C. § 1983 action related to congregational

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

prayer. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015). We affirm.

The district court properly granted summary judgment because James failed to raise a genuine dispute of material fact as to whether he properly exhausted his administrative remedies, or whether there was "something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc); *see also Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (requiring proper exhaustion, which means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)" (emphasis, citation, and internal quotation marks omitted)). James contends that he exhausted under a "continuing violation" theory, but even if this court were to adopt such a theory, it would not apply in this case.

**AFFIRMED.**